**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CONNIE CROSTON, on her
own behalf and others similarly situated,

    Plaintiff,

vs.                                                         Case No. 3:08-cv-431-J-32JRK

MARLYN ENTERPRISES OF
JACKSONVILLE, INC., a Florida
Corporation, MARK ULERIE, Individually,
and LINDA ULERIE, Individually,

    Defendants.

## ORDER[1]

This matter is before the Court on the parties' Joint Stipulation of Dismissal With Prejudice (Doc. 11) and defendants' Notice To The Court. (Doc. 13.) This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff[2] seeks unpaid overtime wages, liquidated damages, reasonable attorneys'

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Although Plaintiff filed this case "on her own behalf and others similarly situated," the record reflects that plaintiff has not even attempted to meet her burden of demonstrating that the proposed class is similarly situated. 29 U.S.C. § 216(b). See Simpkins v. Pulte Home Corp., No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008).

fees and costs, and declaratory relief. (Doc. 1.) In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. Dep't of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). See also, Honey v. Stafford Transport of Florida, Inc., No. 3:06-cv-76-J-33TEM, 2006 WL 3708087, at *1 (M.D. Fla. Dec. 14, 2006). However, "*Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims." Mackenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003). Where the employer offers the plaintiff full compensation to which he was arguably entitled on his FLSA claim, no compromise is involved and judicial approval is not required. Id.; see also Alexander v. Florida Contracting Co., No. 6:08-CV-88-ORL-19KRS, 2008 WL 2073881, at *1 (M.D. Fla. May 14, 2008); Davidson v. Orange Lake Country Club, Inc., No. 6:06-CV-1674-ORL-19KRS, 2008 WL 976846, at *1 (M.D. Fla. April 9, 2008); Crooms v. Lakewood Nursing Center, Inc., No. 3:07-cv-435-J-32TEM, 2008 WL 398933, at *1 (M.D. Fla. Feb. 12, 2008); Aiello v. Daytona Beach Lincoln Mercury, Inc., No. 6:07-cv-1794-Orl-28KRS, 2008 WL 89772, at *1 (M.D. Fla. Jan. 7, 2008); but see Silva v. Miller, 547 F. Supp.2d 1299, 1302 n.2 (S.D. Fla. 2008)(disagreeing that judicial approval of an FSLA settlement not required where employer offers plaintiff employee full compensation).

Here, the parties' joint stipulation of dismissal with prejudice, filed pursuant to

Rule 41, Federal Rules of Civil Procedure, states that "Plaintiff's claims have been resolved in full without compromise." (Doc. 11.) The settlement agreement has not been filed with the Court. Based upon the parties' representation that plaintiff has received all past due compensation to which she was arguably entitled under the FLSA, the settlement agreement is necessarily "fair," and requires no judicial scrutiny.

Accordingly, it is hereby

**ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of September, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Honorable James R. Klindt, United States Magistrate Judge

Counsel of Record

Defendants' Counsel
Burney Bivens, Esq.
Burney Bivens & Associates
1543 Kingsley Avenue, #18B
Orange Park, Florida 32073